**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
UNITED STATES OF AMERICA           :
                                   :
     -against-                     :     No. 18 Cr. 425 (JFK)
                                   :
LAWRENCE MCAFEE,                   :     **OPINION & ORDER**
                                   :
                    Defendant.     :
------------------------------------X

<u>APPEARANCES</u>

FOR DEFENDANT LAWRENCE MCAFEE:
    Scott B. Tulman
    LAW OFFICES OF SCOTT B. TULMAN & ASSOCIATES, PLLC

FOR THE UNITED STATES OF AMERICA:
    Ryan B. Finkel
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge**:

Before the Court is a letter motion by the Defendant, Lawrence McAfee ("McAfee"), requesting leave to renew his motion to dismiss the indictment based on his prolonged mental incompetency. McAfee also requests that he be evaluated for dangerousness by the Bureau of Prisons pursuant to 18 U.S.C. § 4246. For the reasons set forth below, McAfee's motion is GRANTED.

**I. Background**

On June 14, 2018, McAfee was charged with one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of substantive Hobbs Act robbery, in violation of 18 U.S.C. § 1951 and 2. (Indictment, ECF No.

1

9.)  The charges stemmed from the robbery of a pharmacy in downtown Manhattan by McAfee and two other men and their subsequent attempt to rob two other pharmacies in the same area on the morning of February 22, 2018.  (Compl., ECF No. 1.) McAfee was arrested on February 28, 2018, after he admitted to a representative of the New York City Department of Homeless Services that he had committed a robbery and wanted to turn himself in.  Following his arrest, McAfee was interviewed by law enforcement.  During the interview, McAfee waived his Miranda rights and confessed to the robbery and attempted robberies.

On June 19, 2018, McAfee was arraigned and entered a plea of not guilty.  During the hearing, the Government moved, with McAfee's consent, for a psychiatric examination pursuant to 18 U.S.C. § 4241(b) to assess McAfee's competency to stand trial. The Court ordered the examination and on March 29, 2019, the Bureau of Prisons ("BOP") provided a forensic evaluation of McAfee, which concluded that "McAfee's competency related skills are significantly compromised by presently exacerbated symptoms of a serious mental illness or defect, namely, schizoaffective disorder, such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."  (Forensic Evaluation of McAfee, dated March 29, 2019, at 11, filed under seal.)  On November 25, 2019, the BOP further opined that McAfee's "mental condition continues

2

to render him not competent to proceed to trial." (Forensic Evaluation of McAfee, dated November 25, 2019, at 7, filed under seal.)

By letter dated March 31, 2020, medical professionals from the Federal Medical Center in Butner, North Carolina ("FMC Butner") provided the Court with an update on their attempts to restore McAfee's competency. (Forensic Evaluation of McAfee, dated March 31, 2020, at 6, filed under seal.) In the letter, Dr. Allyson Wood ("Dr. Wood") noted that, although McAfee was complying with his prescribed regiment of psychotropic medication, his "mental health symptoms continue to interfere with his ability to rationally proceed in the criminal matter." (Id. at 5.) Dr. Wood further opined that "it appears the probability of restoring [McAfee's] competence in the foreseeable future is low." (Id.)

At the request of both parties, the Court entered an order on September 23, 2020, directing the BOP to evaluate McAfee pursuant to 18 U.S.C. § 4246 to determine if his release "would create a substantial risk of bodily injury to another person or serious damage to property of another." (ECF No. 46.) On November 24, 2020, the Warden of FMC Butner provided the Court with the requested evaluation prepared by Dr. Wood. (Forensic Evaluation of McAfee, dated November 20, 2020 ("Wood Report"), at 9, filed under seal.) In the evaluation, Dr. Wood stated

3

that McAfee "does not presently suffer from a mental illness or defect that increases his risk of violent ideation, intent, or behavior," and his "release from custody would not present a substantial risk of bodily injury to others or serious damage to the property of another due to mental illness."  (Id. (emphasis in original).)  Dr. Wood noted, however, that "[w]hether a person will engage in violent behavior is a function of a variety of factors that cannot all be known in advance. . . . The predication of future violence is very difficult and declines in accuracy over time."  (Id. at 7–9.)

On December 17, 2020, McAfee filed a motion seeking his release from federal custody and the dismissal of the indictment pursuant to Federal Rule of Criminal Procedure 48(b)(3).  (ECF No. 54.)  In a January 8, 2021, Opinion and Order, the Court denied McAfee's request to dismiss the indictment but granted his request to be released on bail.  See United States v. McAfee, No. 18 Cr. 425 (JFK), 2021 WL 106268, at *1 (S.D.N.Y. Jan. 12, 2021).  In the Order, the Court concluded that McAfee was incompetent to stand trial.  Id.  The Court further noted that "[a]lthough the likelihood of McAfee ever regaining competency is minimal, the finding that his mental illness presently does not create a substantial risk of bodily injury to another person or serious damage to property of another under 18

4

U.S.C. § 4246 may change depending on how McAfee's illness progresses after his release." Id. at *3.

As relevant here, McAfee's condition deteriorated quickly after he was released into the care of his mother and neighbor. On May 27, 2021, McAfee was arrested by local police in Ewing Township, New Jersey, after he reportedly broke the windows of his mother's car and kicked down the door of her home. (Dec. 15, 2021, Letter from Ryan Finkel to Hon. John F. Keenan, ECF No. 104.) On June 2, 2021, the Court revoked McAfee's bond and he was remanded to federal custody. On November 5, 2021, at the request of both the Government and Defense Counsel, the Court released McAfee again on his own recognizance on the condition that he voluntarily commit himself to the psychiatric unit of specified New York City hospital. (Nov. 4, 2021, Order, ECF No. 96.) Although McAfee complied with the condition and was initially admitted, he was released from the relevant psychiatric unit the following day. When the Court was informed of McAfee's release, it issued a warrant for his arrest and McAfee was returned to federal custody on December 3, 2021.

During a December 8, 2021, status conference, counsel for both parties requested that McAfee be evaluated for a second time pursuant to 18 U.S.C. § 4246. Unlike the first evaluation, the parties requested that McAfee be examined by a licensed psychiatrist chosen by Defense Counsel, Dr. Eric Goldsmith, and

a second licensed psychiatrist chosen by Dr. Goldsmith.  In light of the parties' agreement, the Court issued an order on January 3, 2022, directing Dr. Eric Goldsmith and a second licensed psychiatrist to evaluate McAfee "in order to determine whether . . . [his] release would create a substantial risk of bodily injury to another person."  (ECF No. 106.)

On March 2, 2022, the Court received Dr. Goldsmith's report under seal.  In his report, Dr. Goldsmith opined that McAfee "meets the diagnostic criteria for schizoaffective disorder" and suffers from "grandiose and paranoid delusions, disorganized thinking and behavior, poor impulse control, vulnerability to agitation, poor judgment, and inability to care for himself." (Dr. Eric Goldsmith Forensic Report, dated March 2, 2022, filed under seal.)  During the evaluation, McAfee told Dr. Goldsmith that he had studied "counterintelligence" in college and that he wanted "to be hired as a Russian intelligence . . . officer." (Id. at 2.)  When asked about the May 27, 2021, incident at his mother's home, McAfee told Dr. Goldsmith that he had been acting as "an agent for my agency, Strike Force Protection Services, Philadelphia" when he broke into her home and smashed the windows of her car.  (Id. at 3.)  Based on his conversations with McAfee and McAfee's "history of violence[,]" Dr. Goldsmith concluded "that as a result of his mental disease, McAfee's release from custody would create a substantial risk of bodily

6

injury to another person. . . . [and] a substantial risk of serious damage to property of another." (Id. at 1, 4.)

By letter dated April 4, 2022, the Government informed the Court that the second psychiatrist, Dr. Jason Hershberger, had completed his evaluation of McAfee and "does not presently agree with Dr. Goldsmith's assessment that the defendant 'meet[s] all three of the legal criteria: A danger to himself, others, and property.'" (April 4, 2022, Letter from Ryan Finkel to Hon. John F. Keenan, ECF No. 116.) The Government did not submit a written report from Dr. Hershberger.

On May 5, 2022, the Court held a hearing to determine how the parties wished to proceed. Defense Counsel requested that McAfee be granted leave to renew his motion to dismiss the indictment and that he be revaluated by the BOP pursuant to 18 U.S.C. § 4246. The Government opposed McAfee's request for leave but did not object to Defense Counsel's request for a second dangerousness evaluation by BOP. At the Court's direction, the parties submitted their proposals in writing on May 12, 2022. (ECF Nos. 125, 126.)

**II. Discussion**

Section 4246 sets forth the procedures governing the civil commitment of a person found incompetent to stand trial pursuant to 18 U.S.C. § 4241. See United States v. Brennan, 928 F.3d 210, 215 (2d Cir. 2019); see also United States v. Gold, 790

F.2d 235, 237 (2d Cir. 1986) ("Section 4246 provides for the indefinite hospitalization of a person who is otherwise due to be released from commitment but who is suffering from mental disease or defect as a result of which his release would create a substantial risk of harm to the person or property of another."). Under § 4246(a), if the director of the facility in which the defendant is hospitalized "determines that the defendant 'would create a substantial risk of bodily injury to another person or serious damage to property of another,' the district court must hold a hearing to determine whether the defendant is dangerous." Brennan, 928 F.3d at 215.

As noted above, the Court has previously concluded that McAfee is not competent to stand trial, and the parties agree that it is unlikely that his competency will be restored. The parties further agree that in light of McAfee's violent outburst at his mother's home and Dr. Goldsmith's determination that McAfee poses a danger to himself and others, McAfee should again be evaluated for dangerousness by BOP medical professionals at FMC Butner pursuant to § 4246. The Court agrees and concludes that a dangerous evaluation must be conducted at a BOP facility and that the director of the facility must be given an opportunity to determine whether McAfee currently poses a danger to others due to his mental illness. See United States v. Godinez-Ortiz, 563 F.3d 1022, 1032 (9th Cir. 2009) ("In

8

authorizing the director to file a dangerousness certification, § 4246 necessarily contemplates the temporary commitment of that person so that the director can conduct the evaluation necessary to make the certification decision."). If the appropriate certification is received, a hearing will be scheduled to determine if McAfee should be civilly committed. See 18 U.S.C. § 4246(a).

As for McAfee's request for leave, the Court will allow McAfee to renew his motion to dismiss the indictment pursuant to Federal Rule of Criminal Procedure 48(b)(3). The Court will consider the motion after McAfee's dangerousness evaluation is complete.

### III. Conclusion

For the reasons set forth above, McAfee's letter motion (ECF No. 126) is GRANTED. The Court ORDERS that McAfee be returned to FMC Butner for a period not to exceed forty-five days to allow the Director of FMC Butner to conduct a dangerousness evaluation of McAfee pursuant to 18 U.S.C. § 4246. See 18 U.S.C. § 4247(b) (providing for a "reasonable [commitment] period, but not to exceed forty-five days" for examination and preparation of a § 4246 certification). The Court further DIRECTS the Director of FMC Butner to evaluate whether McAfee is "presently suffering from a mental disease or defect as a result of which his release would create a

9

substantial risk of bodily injury to another person or serious damage to the property of another." 18 U.S.C. § 4246(a). The Director shall file the written evaluation with the Court within thirty days of McAfee's arrival at FMC Butner.

Finally, McAfee's renewed motion to dismiss the indictment must be filed on or before June 16, 2022. The Government's response is due July 7, 2022. McAfee's reply is due July 14, 2022. The status conference presently scheduled for May 30, 2022, is adjourned to July 20, 2022, at 11:15 A.M. in Courtroom 20-C. The time between May 30, 2022, and July 20, 2022, is excluded under pursuant to 18 U.S.C. §§ 3161(h)(4) and (h)(1)(D).

**SO ORDERED.**

Dated:   New York, New York
         May 20, 2022

*John F. Keenan*
John F. Keenan
United States District Judge