

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

October 31, 2022

**By ECF**
Hon. Jesse M. Furman
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

    **Re**: *United States v. Lawrence McAfee*, 18 Cr. 425 (JMF)

Dear Judge Furman,

    Pursuant to the Court's October 12, 2022 order, and after consulting with defense counsel, the Government writes to provide the Court a status update and articulate the parties' view proposing next steps in this matter.

    By way of an update, following the BOP's determination that the defendant is incompetent, the BOP initiated a proceeding in the Eastern District of North Carolina to assign the defendant counsel and assess whether the defendant is dangerous pursuant to 18 U.S.C. § 4246. *See United States v. McAfee*, No. 22 HC 2183 (E.D.N.C.). The BOP has asked that court to stay those proceedings pending a determination by this Court as to the defendant's competency.

    With respect to the matter before this Court, defense counsel believes: (i) the Court should accept the BOP's finding that Mr. McAfee is incompetent, reaffirm Judge Keenan's prior determination that the likelihood of restoration is minimal, and no further restoration evaluations should be undertaken pursuant to 18 U.S.C. 4241; (ii) a certificate of dangerousness should be filed in the Eastern District of North Carolina so that further evaluation should be done on the issue of Mr. McAfee's suitability for civil commitment and counsel; (iii) the Government should move to dismiss the indictment pursuant to Fed. R. Crim P. 48(a) with prejudice. Upon dismissal, the Defense would consent to Mr. McAfee's continued detention in the Eastern District of North Carolina for further proceedings in the EDNC pursuant to 18 U.S.C. 4246, 4247 with jurisdiction vested in that district where Mr. McAfee is located.

    The Government agrees with defense counsel that this Court should accept the BOP's finding that the defendant is incompetent and, given the history of this matter including numerous prior evaluations in which the defendant was declared incompetent, conclude that there is no substantial probability that the defendant will attain the capacity to proceed. If this Court does so find the defendant incompetent, the Government further agrees that the Eastern District of North Carolina should evaluate the defendant's suitability for civil commitment pursuant to § 4246. Under such circumstances, and in light of the fact that the defendant would consent to continued

detention in the Eastern District of North Carolina for proceedings pursuant to § 4246, the Government also believes dismissal is appropriate, but the Government is still considering the method to effectuate a dismissal of the charges in this case.

The Government is available to address any questions the Court may have.

Very truly yours,

DAMIAN WILLIAMS
United States Attorney

by: /s/
Ryan B. Finkel
Assistant United States Attorney
(212) 637-6612

Copy to: Scott B. Tulman, Esq. (by ECF)